## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

CASSIE M. KRAUSZ,

        Plaintiff,

                                    Case No.: 2:16-cv-00461-SPC-CM

v.

RECOVERY MANAGEMENT SOLUTIONS, LLC,

        Defendant.

_____/

### VERIFIED AMENDED COMPLAINT AND REQUEST FOR JURY TRIAL

COMES NOW the Plaintiff, CASSIE M. KRAUSZ (hereinafter referred to as "Plaintiff"), by and through undersigned counsel, and hereby sues the Defendant, RECOVERY MANAGEMENT SOLUTIONS, LLC (hereinafter referred to as "Defendant") for damages and alleges in support thereof:

### JURISDICTION

1.    Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2.    This action arises out of Defendant's violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55, *et seq.*, in its illegal efforts to collect a consumer debt from Plaintiff.

3.    Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4.   Plaintiff, Cassie M. Krausz, is a natural person who resides in the Lee County, Florida, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and Fla. Stat. § 559.55(2).

5.   Defendant, Recovery Management Solutions, LLC, is a foreign limited liability company operating from a principal address of 485 Cayuga Road, Suite 402, Cheektowaga, New York 14225, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Fla. Stat. § 559.55(7). Defendant is a "debt collector" because it attempted to collect a debt and began servicing a defaulted debt with full knowledge that such debt was in default.

## FACTUAL ALLEGATIONS

6.   On or about May 2007, Plaintiff incurred a debt that was primarily for personal purposes. Specifically, Plaintiff incurred a debt to Care Credit n/k/a Synchrony Bank for orthodontic services.

7.   The last time Plaintiff made any payment on the above-referenced debt was sometime in 2007.  Accordingly, Plaintiff was in default on the alleged debt no later than January 31, 2008.

8.   At some point after January 31, 2008, the debt was transferred to Defendant for collection.

9.   Beginning on or about February 26, 2016, approximately eight years after the date of default *and at least three years after expiration of the Florida statute of limitations to file suit for such debt*, Defendant began placing calls to Plaintiff on her cellular telephone for the purpose of collecting on the debt in question.

10.  Specifically, Defendant placed the following calls to Plaintiff's cellular telephone:

    a.  Call from (716) 261-4693 on February 26, 2016 at approx. 3:26 pm

    b.  Call from (716) 261-4693 on February 29, 2016 at approx. 12:05 pm

     c.  Call from (716) 261-4693 on March 2, 2016 at approx. 10:02 am

     d.  Two consecutive calls from (716) 261-4693 on March 21, 2016 at approx. 9:42 am

11.    At no point did Plaintiff provide Defendant, or Defendant's predecessor in interest to the debt in question, with her cellular telephone number, nor did she provide Defendant or its predecessor in interest with express written consent to be contacted at such number.

12.    Upon information and belief, Defendant used an automated telephone dialing system to contact Plaintiff on her cellular telephone.

13.    When Plaintiff did not answer the phone call placed by Defendant on February 26, 2016, Defendant's representative, Chris Warner, left the following voicemail on Plaintiff's cellular telephone:

> Hi, yes, trying to follow up with Cassie Krausz. Good afternoon, Cassie. My name is Chris Warner. I run the legal department for RMS and I've been trying to follow up with you regarding notification sent out to a 3704 26th Street SW address. It does indicate we allotted 45 days for you to respond to the notification and was referencing a drafted civil complaint scheduled to be filed through Lee County district courts. The problem is, when you didn't respond, it raised a red flag here in the office. First, I wanted to make sure I reached out to you. That way you won't be caught off guard by the next course of action. More importantly, you have sufficient time to rectify the matter prior to the claim getting filed. I'd be happy to answer any questions or concerns that you may have. Direct number is (716) 261-4693. Thank you.

Plaintiff received no such "notification" referenced by Mr. Warner above; in fact, Plaintiff never received *any* written communication from Defendant.

14.    Immediately following each of its calls to Plaintiff's cellular telephone, Defendant placed a call to Plaintiff at her place of work for the purpose of collecting on the debt in

question.

15.   Specifically, Defendant placed the following calls to Plaintiff's place of work:

   a.   Call from (716) 261-4693 on February 26, 2016 at approx. 3:26 pm

   b.   Call from (716) 261-4693 on February 29, 2016 at approx. 12:05 pm

   c.   Call from (716) 261-4693 on March 2, 2016 at approx. 10:02 am

   d.   Call from (716) 261-4693 on March 21, 2016 at approx. 9:42 am

16.   When calling Plaintiff's place of work, the representative for Defendant specifically stated to Plaintiff's employer that it was calling to collect a debt owed by Plaintiff, and that Defendant would be filing a complaint against the Plaintiff with the clerk of courts to collect the debt in question.

17.   At no point did Plaintiff provide Defendant, or Defendant's predecessor in interest to the debt in question, with written permission to contact Plaintiff's employer.  At no point has a final judgment been obtained against Plaintiff with respect to the debt in question.  At no point subsequent to the debt in question being placed for collection did Plaintiff acknowledge the existence of the debt in writing.

18.   Furthermore, on at least one occasion in February or March of 2016, Defendant called the place of work of Plaintiff's father in an attempt to collect the debt in question.  The representative for Defendant specifically told Plaintiff's father that Defendant was calling to collect an overdue debt from Plaintiff.

19.   The above-detailed conduct by Defendant of harassing Plaintiff in an effort to collect this debt was a violation of numerous and multiple provisions of the FDCPA and the FCCPA.

- 4 -

20.     The above-detailed conduct by Defendant of calling Plaintiff on her cellular telephone in an effort to collect this debt, without express written consent to do so, was a violation of the TCPA.

21.     Defendant's illegal abusive collection communications as more fully described above were the direct and proximate cause of emotional distress experienced by the Plaintiff.

22.     Plaintiff has suffered actual damages as a result of these illegal collection communications by the Defendant, including but not limited to, anger, anxiety, emotional distress, fear, frustration, humiliation, and embarrassment.

## COUNT I
## VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT
### Section 559.72(4), Fla. Stat.

23.     Plaintiff incorporates by reference 1 – 22 of the paragraphs of this Complaint as though fully stated herein.

24.     The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FCCPA.

25.     Under the provisions of § 559.72(4), Fla. Stat., Defendant was and is prohibited from communicating with a debtor's employer before obtaining final judgment against the debtor, unless the debtor gives permission in writing for his or her employer to be contacted, or the debtor acknowledges in writing the existence of the debt after it was placed into collections.

26.     Defendant violated Fla. Stat. § 559.72(4) by telling Plaintiff's employer that it was calling to collect a debt owed by Plaintiff, and that Defendant would be filing a complaint against the Plaintiff with the clerk of courts to collect the debt in question.

27. As a result of Defendant's violations of the FCCPA, Plaintiff is entitled to actual damages, statutory damages in an amount up to $1,000.00, and reasonable attorney's fees and costs pursuant to § 559.77 from Defendant.

28. Additionally, § 559.77 provides a court may award punitive damages as well as equitable relief to Plaintiff such as enjoining further illegal collection activity. Plaintiff will seek to amend the Complaint to seek same if discovery shows punitive damages may be proper.

## COUNT II
## VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT
### Section 559.72(7), Fla. Stat.

29. Plaintiff incorporates by reference 1 – 22 of the paragraphs of this Complaint as though fully stated herein.

30. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FCCPA.

31. Under the provisions of § 559.72(7), Fla. Stat., Defendant was and is prohibited from (a) willfully communicating with a debtor or any member of a debtor's family with such frequency as can reasonably be expected to harass or abuse the debtor or the debtor's family, and (b) willfully engaging in conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

32. Defendant violated Fla. Stat. § 559.72(7) by placing numerous phone calls to Plaintiff's cellular telephone and place of work as described above.

33. As a result of Defendant's violations of the FCCPA, Plaintiff is entitled to actual damages, statutory damages in an amount up to $1,000.00, and reasonable attorney's fees and costs pursuant to § 559.77 from Defendant.

- 6 -

34.     Additionally, § 559.77 provides a court may award punitive damages as well as equitable relief to Plaintiff such as enjoining further illegal collection activity.  Plaintiff will seek to amend the Complaint to seek same if discovery shows punitive damages may be proper.

**COUNT III**
**VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT**
**Section 559.72(9), Fla. Stat.**

35.     Plaintiff incorporates by reference 1 – 22 of the paragraphs of this Complaint as though fully stated herein.

36.     The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FCCPA.

37.     Under the provisions of § 559.72(9), Fla. Stat., Defendant was and is prohibited from (a) claiming, attempting, or threatening to enforce a debt when Defendant knows the debt is not legitimate, and (b) asserting the existence of some other legal right when Defendant knows the right does not exist.

38.     Defendant violated Fla. Stat. § 559.72(9) by asserting the right to file suit against Plaintiff to recover the debt in question after the statute of limitations to do so had expired, thus precluding any lawsuit to recover such debt.

39.     As a result of Defendant's violations of the FCCPA, Plaintiff is entitled to actual damages, statutory damages in an amount up to $1,000.00, and reasonable attorney's fees and costs pursuant to § 559.77 from Defendant.

40.     Additionally, § 559.77 provides a court may award punitive damages as well as equitable relief to Plaintiff such as enjoining further illegal collection activity.  Plaintiff will seek to amend the Complaint to seek same if discovery shows punitive damages may be proper.

## COUNT IV
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692c(b)

41.  Plaintiff incorporates by reference 1 – 22 of the paragraphs of this Complaint as though fully stated herein.

42.  The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the Fair Debt Collection Practices Act.

43.  Defendant violated 15 U.S.C. § 1692c(b), which provides that a debt collector may not, without the express consent of the debtor or a court of competent jurisdiction, or as reasonably necessary to effectuate a post-judgment remedy, communicate with any person other than the consumer, his attorney, a consumer reporting agency, the creditor of the debt, the creditor's attorney, or Defendant's attorney, in connection with the collection of a debt.

44.  Defendant violate said statute by telling Plaintiff's employer that it was calling to collect a debt owed by Plaintiff, and that Defendant would be filing a complaint against the Plaintiff with the clerk of courts to collect the debt in question.

45.  As a direct and proximate result of Defendant's actions in violation of said statute, the Plaintiff has suffered statutory and actual damages, including but not limited to, mental and emotional suffering, fright, anguish, shock, nervousness, anxiety, humiliation and depression.

46.  Plaintiff has incurred costs, expenses and reasonable attorney's fees which would not have been incurred but for the violation of 15 U.S.C. § 1692c(b). Accordingly, the Plaintiff seeks actual damages, statutory damages, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k.

## COUNT V
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692d(5)

47.     Plaintiff incorporates by reference 1 – 22 of the paragraphs of this Complaint as though fully stated herein.

48.     The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the Fair Debt Collection Practices Act.

49.     Defendant violated 15 U.S.C. § 1692d(5), which provides that a debt collector may not cause a telephone to ring or engage any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

50.     Defendant violated said statute by placing numerous phone calls to Plaintiff's cellular telephone and place of work as described above.

51.     As a direct and proximate result of Defendant's actions in violation of said statute, the Plaintiff has suffered statutory and actual damages, including but not limited to, mental and emotional suffering, fright, anguish, shock, nervousness, anxiety, humiliation and depression.

52.     Plaintiff has incurred costs, expenses and reasonable attorney's fees which would not have been incurred but for the violation of 15 U.S.C. § 1692d(5). Accordingly, the Plaintiff seeks actual damages, statutory damages, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k.

## COUNT VI
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692e(2)(A)

53.     Plaintiff incorporates by reference 1 – 22 of the paragraphs of this Complaint as though fully stated herein.

54.     The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the Fair Debt Collection Practices Act.

55.     Defendant violated 15 U.S.C. § 1692e(2)(A), which provides that a debt collector may not make a false representation of "the character, amount, or legal status of any debt," by falsely alleging that it could legally file suit to recover the debt in question past the applicable statute of limitations.

56.     As a direct and proximate result of Defendant's actions in violation of said statute, the Plaintiff has suffered statutory and actual damages, including but not limited to, mental and emotional suffering, fright, anguish, shock, nervousness, anxiety, humiliation and depression.

57.     Plaintiff has incurred costs, expenses and reasonable attorney's fees which would not have been incurred but for the violation of 15 U.S.C. § 1692e(2)(A).  Accordingly, the Plaintiff seeks actual damages, statutory damages, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k.

## COUNT VII
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692e(5)

58.     Plaintiff incorporates by reference 1 – 22 of the paragraphs of this Complaint as though fully stated herein.

59.     The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the Fair Debt Collection Practices Act.

60.     Defendant violated 15 U.S.C. § 1692e(5), which provides that a debt collector may not make a "threat to take any action that cannot legally be taken" by threatening to file suit to recover the debt in question past the applicable statute of limitations.

61.    As a direct and proximate result of Defendant's actions in violation of said statute, the Plaintiff has suffered statutory and actual damages, including but not limited to, mental and emotional suffering, fright, anguish, shock, nervousness, anxiety, humiliation and depression.

62.    Plaintiff has incurred costs, expenses and reasonable attorney's fees which would not have been incurred but for the violation of 15 U.S.C. § 1692e(5).  Accordingly, the Plaintiff seeks actual damages, statutory damages, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k.

**COUNT VIII**
**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692e(10)**

63.    Plaintiff incorporates by reference 1 – 22 of the paragraphs of this Complaint as though fully stated herein.

64.    The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the Fair Debt Collection Practices Act.

65.    Defendant violated 15 U.S.C. § 1692e(10), which provides that a debt collector may not use "any false representation or deceptive means to collect or attempt to collect any debt," by falsely representing that it could legally file suit to recover the debt in question past the applicable statute of limitations.

66.    As a direct and proximate result of Defendant's actions in violation of said statute, the Plaintiff has suffered statutory and actual damages, including but not limited to, mental and emotional suffering, fright, anguish, shock, nervousness, anxiety, humiliation and depression.

67.     Plaintiff has incurred costs, expenses and reasonable attorney's fees which would not have been incurred but for the violation of 15 U.S.C. § 1692e(10). Accordingly, the Plaintiff seeks actual damages, statutory damages, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k.

### COUNT IX
### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692f

68.     Plaintiff incorporates by reference 1 – 22 of the paragraphs of this Complaint as though fully stated herein.

69.     The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the Fair Debt Collection Practices Act.

70.     Defendant violated 15 U.S.C. § 1692f, which provides that "a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt," by falsely representing that it could legally file suit to recover the debt in question past the applicable statute of limitations.

71.     As a direct and proximate result of Defendant's actions in violation of said statute, the Plaintiff has suffered statutory and actual damages, including but not limited to, mental and emotional suffering, fright, anguish, shock, nervousness, anxiety, humiliation and depression.

72.     Plaintiff has incurred costs, expenses and reasonable attorney's fees which would not have been incurred but for the violation of 15 U.S.C. § 1692f. Accordingly, the Plaintiff seeks actual damages, statutory damages, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k.

## COUNT X
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692g(a)

73.     Plaintiff incorporates by reference 1 – 22 of the paragraphs of this Complaint as though fully stated herein.

74.     The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the Fair Debt Collection Practices Act.

75.     Defendant violated 15 U.S.C. § 1692g(a), which provides that a debt collector must, within five days after its initial communication with a consumer in connection with the collection of a debt, provide the consumer a written notice containing certain specific pieces of information.

76.     Defendant violated said statute by failing to send Plaintiff any written notice or communication within five days after its initial oral communication with Plaintiff.

77.     As a direct and proximate result of Defendant's actions in violation of said statute, the Plaintiff has suffered statutory and actual damages, including but not limited to, mental and emotional suffering, fright, anguish, shock, nervousness, anxiety, humiliation and depression.

78.     Plaintiff has incurred costs, expenses and reasonable attorney's fees which would not have been incurred but for the violation of 15 U.S.C. § 1692f. Accordingly, the Plaintiff seeks actual damages, statutory damages, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k.

## COUNT XI
## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227

79.     Plaintiff incorporates by reference 1 – 22 of the paragraphs of this Complaint as though

fully stated herein.

80.     The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the Telephone Consumer Protection Act.

81.     Under the provisions of 47 U.S.C. § 227(b)(a)(A)(iii), Defendant was and is prohibited from using any automatic telephone dialing system to make any call to any telephone number assigned to a cellular telephone.

82.     The Plaintiff has never given Defendant, or its predecessor in interest, any type of consent to call Plaintiff's cellular telephone.

83.     None of the phone calls placed by Defendant to Plaintiff's cellular telephone were made for emergency purposes.

84.     Before such calls were placed, the Defendant was aware of the prohibitions on making such calls pursuant to the TCPA.

85.     As a direct result of Defendant's violations of the TCPA, Plaintiff is entitled to actual monetary loss *or* $500.00 in damages for each violation, and reasonable costs pursuant to 47 U.S.C. § 227 from Defendant.  As Defendant placed no fewer than five (5) calls to Plaintiff's cellular telephone in violation of the TCPA, Plaintiff seeks statutory damages in an amount no less than $2,500.00 for such violations.

86.     Additionally, 47 U.S.C. § 227 provides that a court may award treble statutory damages to Plaintiff in the event that Defendant's violations of the TCPA are shown to have been "willful and knowing."  Plaintiff submits that Defendant's violations of the TCPA were both willful and knowing, and accordingly requests treble damages in an amount no less than $7,500.00.

**TRIAL BY JURY**

87. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.

**WHEREFORE**, the Plaintiff, CASSIE M. KRAUSZ, having set forth her claims for relief against the Defendant, RECOVERY MANAGEMENT SOLUTIONS, LLC, respectfully prays of the Court as follows:

A. That the Plaintiff has and recovers against the Defendant a sum to be determined by the Court in the form of actual damages pursuant to Fla. Stat. § 559.77(2), 15 U.S.C. § 1692k and 47 U.S.C. § 227;

B. That the Plaintiff has and recovers against the Defendant a sum to be determined by the Court in the form of statutory damages pursuant to Fla. Stat. § 559.77(2), 15 U.S.C. § 1692k and 47 U.S.C. § 227;

C. That the Plaintiff has and recovers against the Defendant all reasonable legal fees and expenses incurred by her attorney pursuant to Fla. Stat. § 559.77(2) and 15 U.S.C. § 1692k;

D. That the Defendant be prohibited from engaging in further improper conduct; and

E. That the Plaintiff have such other and further relief as the Court may deem just and proper.

Dated: June 28, 2016

*Respectfully submitted,*

**THE DELLUTRI LAW GROUP, P.A.**
The Dellutri Law Group Plaza
1436 Royal Palm Square Blvd.
Fort Myers, FL 33919
(239) 939-0900
(239) 939-0588 – Fax
***Attorneys for Plaintiff***

By: <u>Joseph C. LoTempio</u>
    Joseph C. LoTempio, Esq.
    Fla. Bar No. 0086097
    <u>jlotempio@dellutrilawgroup.com</u>

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF _Florida_ )
 
 ) ss

COUNTY OF _Lee_ )

Plaintiff, CASSIE M. KRAUSZ, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant, cause unnecessary delay to any Defendant, or create a needless increase in the cost of litigation to any Defendant named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

CASSIE M. KRAUSZ

Subscribed and sworn to before me this _27th_ day of _June_, 20_16_ by CASSIE M. KRAUSZ who:

☒ is personally known; or

☐ produced identification _____.

KATHRYN MICHIE
Commission # FF 198362
Expires May 10, 2019
Bonded Thru Troy Fain Insurance 800-385-7019

Notary Public

(SEAL)

- 17 -